UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

<u>CIVIL MINUTES – GENERAL</u>

Case No. SACV 11-1987 DOC (RNBx)					Date:  March 12, 2012

Title: STEVE PETERSEN –V- ALLSTATE  INDEMNITY COMPANY, ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                                                     <u>      N/A      </u>
Courtroom Clerk                                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

<u>None Present                                                     None Present                       </u>

**PROCEEDINGS: (IN CHAMBERS):  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendant Allstate. (Dkt. 6).  The Court finds the matter appropriate for ecision without oral argument.  Fed R. Civ. P. 78; Local R. 7-15.  After considering the moving, opposing, and replying papers, the Court GRANTS IN PART AND DENIES IN PART the Motion.

The Court DENIES the Motion regarding the Complaint's fraud and negligent misrepresentation claims because: (1) Defendant is incorrect in arguing that the Complaint's negligent misrepresentation claims must meet the heightened pleading standard of Rule 9(b); (2) alternatively, both the Complaint's fraud and negligent misrepresentation claims satisfy Rule 9(b); and (3) the fraud claim alleges facts showing Defendant's intent not to perform.  The Court GRANTS the Motion regarding the claim brought under California Business & Professions Code Section 17200 because Plaintiff does not oppose its dismissal.

**I.	Background**

The gravamen of Plaintiff Steve Petersen's Complaint is that Defendant Allstate Indemnity Company, an insurer, promised via its policy to cover future medical expenses arising from an automobile accident, paid approximately $11,000 of the expenses arising from a subsequent accident, but then suddenly denied coverage when Defendant received

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)            Date: March 12, 2012
                                                                                  Page 2

---

more than $100,000 of expenses and has refused to further explain its reasons for denying coverage for five months. The Complaint alleges the following facts.

### a. Defendant Insurer's Policy

"Prior to June 5, 2008," Plaintiff allegedly "purchased an automobile policy" that "required ALLSTATE to pay to Plaintiff . . . all medical payments . . . up to . . . $100,000.00" and contained an "underinsured motorist provision with a policy limit of . . . $50,000.00." Compl. at ¶ 8. The Complaint provides a policy number. *Id.*

### b. Accident

On June 8, 2008, Plaintiff was allegedly in an accident with "another driver who was at fault and had policy limits of only $50,000.00." *Id.* at ¶ 8.

### c. Defendant's Payment and Nonpayment of Medical Bills

"[S]tarting from March 16, 2009, through May 5, 2009," Defendant's claim services agent "received six medical bill payment requests from medical caregivers totaling $22,891.00." *Id.* at ¶ 11.

In a June 22, 2009, letter to Plaintiff's counsel, Defendant stated that it had paid $11,092.69 "by reason of the . . . accident." *Id.* at ¶ 11.

On December 18, 2009, Defendant's claim services agent received additional "hospital bills" totaling "$114,511.08." *Id.* at ¶ 11.

On January 27, 2012, Defendant's claim services agent sent multiple letters to Plaintiff stating that it was "denying . . . the requests received from March 16, 2009, forward" because "'[t]his procedure was performed for a condition not related to the motor vehicle accident.'" *Id.* at ¶ 12.

### d. Defendant's Settling of Underinsured Motorist Claim

On March 1, 2010, Plaintiff settled with the other driver's insurance "for the total of her policy," which is $50,000. *Id.* at ¶ 8. That same date, Plaintiff's counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)　　　　　　　　　　　Date: March 12, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

---

"requested the policy limits of the [Defendant's] policy.'" *Id.* at ¶ 11. "On February 16, 2011, after [Plaintiff] demanded the arbitration and insisted [Defendant] choose an arbitrator and then insisted that [Defendant] must choose an arbitration date, [Defendant] finally settled for" the full amount of the underinsured motorist provision. *Id.* at ¶ 8.

### e. The Present Lawsuit and Defendant's Motion to Dismiss

In September 2011, Plaintiff filed the present Complaint against Defendant and "Does" in state court. Compl. at 17. Defendant removed the case to federal Court. *See* Notice of Removal (Dkt. 1). On February 6, 2012, Defendant brought the present motion to dismiss three of Plaintiff's nine causes of action for: (1) Fraud; (2) Negligent Misrepresentation; and (3) California Business & Professions Code Section 17200. *See* Mot. (Dkt. 6).

### II.　　Legal Standard

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is proper if, taking all of the non-moving party's "allegations in its pleadings as true," the movant is entitled to judgment as a matter of law. *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1184 (9th Cir. 2010); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios*, 896 F.2d at 1550. Thus, the defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery. *See id.*

"Judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach*, 896 F.2d at 1550 (citing Fed. R. Civ. P. 12(c)). However, the Court may consider facts that "are contained in materials of which the Court may take judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999). A Court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)              Date: March 12, 2012
                                                                               Page 4

the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### III. Discussion

Defendant argues that: (1) the Complaint's negligent misrepresentation claims must meet the heightened pleading standard of Rule 9(b); (2) both the Complaint's fraud and negligent misrepresentation claims fail to meet Rule 9(b); and (3) the fraud claim fails to allege facts showing Defendant's intent not to perform. In addition, Defendant moves to dismiss the claim brought under California Business & Professions Code Section 17200, and Plaintiff does not oppose dismissal.

       a. **Rule 9(b) applies only to allegations of fraud and not to allegations of negligent misrepresentation**

            i. **The heightened pleading standard of Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)  Date: March 12, 2012
Page 5

fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge).

The policy supporting Rule 9(b)'s heightened pleading requirements is that it "protects potential defendants—especially professionals whose reputations in their fields of expertise are most sensitive to slander—from the harm that comes from being charged with the commission of fraudulent acts." *Semegen*, 780 F.2d at 731. Providing detailed notice to defendants also prevents plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

### ii. Rule 9(b) does not apply to negligent misrepresentation claims

Defendant argues that Plaintiff's claim for negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b), citing cases from previous decades that reach this conclusion. *See e.g., Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093, 1097-98 (C.D.Cal. 1999) (dismissing claim for "negligent misrepresentation" for failure to comply with Rule 9(b));*US Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991).[1]

These two cases appear to be the wellspring for a river of district court authority that unquestioningly parrots this holding, leading one court to declare that it "is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal.*, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citing only *Glen Holly* and *U.S. Concord* for the proposition). However, the Ninth Circuit "has not yet decided" the issue of whether negligent misrepresentation claims are subjected to Rule 9(b). *Anschutz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799, 823, 828 (N.D. Cal. 2011) (assuming without

---

[1] Both Defendant and Plaintiff also cite several California court cases regarding the pleading standards for negligent misrepresentation *under California procedural law*. However, these cases are inapposite because federal rules of procedure apply to state-law causes of action. *See Vess*, 317 F.3d at 1103 (holding that Rule 9(b) applies to state as well as federal causes of action brought in federal court).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1987-DOC (RNBx)                              Date: March 12, 2012
                                                              Page 6

---

deciding that Rule 9(b) applied because the complaint satisfied even that heightened standard).

This Court rejects Defendant's rule because: (1) *Glen Holly* and *US Concord* cite no authority to support their holding; (2) applying a heightened pleading standard to negligence is contrary to the express language and policy of Rule(9); and (3) more recent, better-reasoned cases do not apply Rule 9(b).

### 1. *Glen Holly* and *US Concord* cite no authority and provide no reason why Rule 9(b) should apply to negligent misrepresentation claims

After conducting its own research, this Court concludes that the holding that negligent misrepresentations must meet the heightened pleading requirements of Rule 9(b) appears to be cut from whole cloth. For example, *U.S. Concord* cited no authority whatsoever for this one-sentence conclusion. *See U.S. Concord*, 757 F. Supp. at 1058 (merely observing that defendant's argument that the "negligent misrepresentation claim fails to satisfy Rule 9(b)'s particularity requirements" was "well-taken"). *Glen Holly* cited only a treatise for this proposition, but the treatise does not actually *mention* negligent misrepresentation. *Compare Glen Holly Entertainment*, 100 F.Supp.2d at 1093 ("[C]laims for fraud and *negligent misrepresentation* must meet the heightened pleading requirements of Rule 9(b)") (emphasis added) *with* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1297, at 582 (1990) ("A pleading that simply avers the technical elements of *fraud* does not have sufficient informational content to satisfy Rule 9(b)'s requirements.") (emphasis added).

### 2. The express language of Rule 9(b) limits its application to fraud or mistake and Rule 9(b)'s policy does not support applying it to negligent misrepresentation

Rule 9(b) is expressly limited to allegations of "fraud or mistake." Fed. R. Civ. P. 9(b). Because the California tort of "negligent misrepresentation" has a critically different element from the tort of "fraud," analyzing negligent misrepresentation under Rule 9(b) is contrary to both the express language and policy of the statute.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1987-DOC (RNBx)                    Date: March 12, 2012
                                                                                                    Page 7

---

       The California tort of "negligent misrepresentation" requires that the defendant "lacked any reasonable ground for believing [its] statement to be true," whereas California fraud requires that the defendant "made an intentionally false statement." *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006); *see also Eddy v. Sharp*, 199 Cal.App.3d 858, 864 (1988) (defining cause of action for "negligent misrepresentation" by an insurer "is a form of deceit" under California Civil Code Section 1710(2)); Cal. Civ. Code §1710(2) (defining "[d]eceit" to include "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true").

       Thus, while negligent misrepresentation shares four elements with fraud, it differs regarding the fifth element: mental state.[2] *See Charnay*, 145 Cal. App. 4th at 184; *Gagne v. Bertran*, 43 Cal. 2d 481, 488 (1954) (holding that "negligent misrepresentation a form of deceit" and disapproving cases holding that "scienter is an essential element"); *compare Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986) (holding that California "negligent misrepresentation" requires: (1) "a misrepresentation of a past or existing material fact"; (2) "without reasonable grounds for believing it to be true"; (3) "with intent to induce another's reliance on the fact misrepresented"; (4) "justifiable reliance thereon by the party to whom the misrepresentation was directed"; and (5) "damages") *and Small v. Fritz Companies*, Inc., 30 Cal. 4th 167, 174 (2003) (citing *Fox* with approval as "describing elements of the tort") *with Lazar v. Superior Court*, 12 Cal. 4th 631, 637 (1996) (defining "fraud" as requiring: (1) "misrepresentation," which includes either a "false representation, concealment or nondisclosure"; (2) "knowledge of falsity," also referred to as "scienter"; (3) "intent to defraud," which includes an intent "to induce reliance"; (4) "justifiable reliance"; and (5) damages) *and Vess*, 317 F.3d at 1105 (defining fraud under California law).

       Finally, because an allegation of negligent misrepresentation suggests only that the defendant failed to use *reasonable* care—an objective standard—it does not result in the

---

[2] The two torts also differ in that a "claim for negligent misrepresentation [under California law] must be based on a 'positive assertion,'" and "[b]y contrast, a fraud claim, under certain circumstances, can be based on omissions." *I-Enterprise Co. LLC v. Draper Fisher Jurvetson Mgmt. Co. V, LLC*, 2005 U.S. Dist. LEXIS 39481 (N.D. Cal. Dec. 30, 2005); *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007) (negligent misrepresentation requires a "positive assertion . . . an omission or an implied assertion or representation is not sufficient").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)                                  Date: March 12, 2012
                                                                  Page 8

---

kind of "harm" that Rule 9(b) was designed to prevent: protecting defendants, such as "professionals whose reputations in their fields of expertise are most sensitive to slander," from slander regarding "fraudulent" acts, that is, *intentional* malfeasance. *See Semegen*, 780 F.2d at 731.

### 3. Later cases with better reasoning have held that Rule 9(b) does not apply to negligent misrepresentation claims

Furthermore, recent persuasive authority suggests that the tide of precedent is turning. In the past seven years, both the Fifth and Seventh Circuit—hardly champions of the plaintiff's bar—have held that "negligent misrepresentation" claims brought under Texas and Illinois law are not subject to Rule 9(b) because the express language of Rule 9(b) reserves that standard only for fraud or mistake. *See GE Capital Corp. v. Posey*, 415 F.3d 391, 394 & n.2 (5th Cir. 2005); *Tricontinental Indus. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). These non-California laws for negligent misrepresentation have the *same* objective standard—failure to use reasonable care—that California negligent misrepresentation requires. *Compare GE Capital*, 415 F.3d at 396 (defining Texas "negligent misrepresentation" to require that "the defendant did not exercise reasonable care or competence in obtaining or communicating the information") *and Tricontinental*, 475 F.3d at 833 (defining Illinois "negligent misrepresentation" to require "carelessness or negligence in ascertaining the truth of the statement by the party making it") *with Fox*, 181 Cal. App. 3d at 962 (defining California negligent misrepresentation to require making a statement "without reasonable grounds for believing it to be true").

In addition, in *Vess*, the Ninth Circuit reversed the dismissal of a claim for failure to satisfy Rule 9(b) because it was error to apply a heightened pleading standard to allegations that the defendant "'negligently' failed to disclose" information. *Vess*, 317 F.3d at 1106. The Ninth Circuit concluded that such allegations of negligence "are not based on fraud." *Id.* at 1106. The Ninth Circuit reached its conclusion by citing the Fifth Circuit's rule with approval to hold that "where fraud is not an essential element of a claim, only allegations . . . of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)." *Id.* at 1105; *see also id.* at 1104 (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994) for the proposition that if "claims are grounded in fraud rather than negligence . . . Rule 9(b) applies"). In doing so, the Ninth Circuit also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)            Date: March 12, 2012
                                                                            Page 9

quoted with approval the Eighth Circuit's rule that "allegations of innocent or *negligent misrepresentation* . . . would survive" even if they do not satisfy the heightened pleading requirements of Rule 9(b)). *Id.*

       Finally, an unpublished case by the Ninth Circuit reversed the district court's application of Rule 9(b) to a California negligent misrepresentation claim and analyzed the claim under the ordinary pleading requirements of Rule 8. *See Miller v. Int'l Bus. Mach. Corp.*, 138 F. App'x 12, 17 (9th Cir. 2005); *but see Kelley v. Rambus, Inc.*, 384 Fed. Appx. 570, 573 (9th Cir. Cal. 2010) (holding in one sentence that the "state law claims for common law fraud and negligent misrepresentation fail to meet the heightened pleading standards of Rule 9(b)").

### 4. Conclusion

       Thus, the Court holds that the California tort of negligent misrepresentation need not satisfy the heightened pleading standard of Rule 9(b). The Court reaches this conclusion because: (1) *Glen Holly* and *US Concord* cite no authority to support their holding; (2) applying a heightened pleading standard to negligence is contrary to the express language of Rule(9); and (3) more recent, better-reasoned cases do not apply Rule 9(b). Thus, the Court DENIES Defendant's motion to the extent it seeks to dismiss the Complaint's negligent misrepresentation claim for failure to satisfy Rule 9(b).

### b. Alternatively, the Complaint Satisfies Rule 9(b)

       Alternatively, the Court concludes that both the negligent misrepresentation and fraud claims meet the Rule 9(b) standard. *See Frisby-Cadillo v. Mylan, Inc.*, No. C 09-05816 SI, 2010 U.S. Dist. LEXIS 43868, at *6-7 (N.D. Cal. May 5, 2010) (questioning the holding by "[s]everal district courts within this circuit" that Rule 9(b) applies to a negligent misrepresentation claim, but holding that claim satisfied Rule 9(b) regardless). The Court concludes that the Complaint adequately pleads the "circumstances" required by Rule 9(b), that is, the "'who, what, when, where, and how' of the fraudulent activity and "what is false or misleading about a statement, and why it is false." *See Vess*, 317 F.3d at 1106.

       First, Plaintiff has pled *what* the fraud was, *how* it was accomplished, and *why* the Defendant's statements are false by alleging that Defendant's insurance policy "required

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1987-DOC (RNBx)            Date: March 12, 2012
                                                                     Page 10

---

ALLSTATE to pay to Plaintiff . . . all medical payments . . . up to . . . $100,000.00" but that Defendant has refused to do so for an implausible reason, namely, that Plaintiff's "procedure was performed for a condition not related to the motor vehicle accident." Compl. at ¶¶ 8, 12. As another district court in this circuit has found regarding a fraud claim against the *same* defendant, a complaint satisfies Rule 9(b) when it "alleges that Allstate represented that it intended to pay for all losses when in fact it had no such intent." *Watts v. Allstate Indem. Co.*, NO. CIV. S-08-1877 LKK/GGH, 2009 U.S. Dist. LEXIS 26618 at *8, 22 (E.D. Cal. Mar. 31, 2009) (denying motion to dismiss fraud claim against insurer because plaintiff satisfied Rule 9(b) when he alleged that defendant insurer had practice "of refusing to pay for repairs to seatbelts" and such repairs were covered by the insurance policy).

       Second, the *where* and *when* of the alleged fraud is easily discernable from the policy number provided in the Complaint. Compl. at ¶ 8. With this information, Defendant can find the policy—which should be in its position—to confirm the date and location of its execution, if such facts are relevant.

       Finally, Plaintiff has pled *who* committed the fraud by alleging that the policy which contains the fraudulent misrepresentations is the Defendant's policy. Compl. at ¶ 8.

              **c. The Complaint alleges facts showing Defendant's misrepresentation regarding its intent to perform**

                    **i. Elements of promissory fraud**

       The elements of the California tort of "fraud" are: (1) "misrepresentation," which includes either a "false representation, concealment or nondisclosure"; (2) "knowledge of falsity," also referred to as "scienter"; (3) "intent to defraud," which includes an intent "to induce reliance"; (4) "justifiable reliance"; and (5) damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 637 (1996) (citing California Civil Code Section 1710); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (defining fraud under California law);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)                         Date: March 12, 2012
                                                                                         Page 11

---

*Orient Handel v. United States Fid. & Guar. Co.*, 192 Cal.App.3d 684, 693 (1987) (applying Section 1710 definition of fraud to insurer).[3]

       The first element—"misrepresentation"—exists where the defendant makes a "promise" and at the same time lacks the "intention to perform," also referred to as "promissory fraud" by California courts. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 637 (1996). It is well-established that an insurer's intent not to perform a promise in its policy can be "inferred from its subsequent conduct." *Miller v. Nat'l American Life Ins. Co. of CA*, 54 Cal. App. 3d 331, 338 (1976); *Jones v. AIG Risk Mgmt.*, 726 F. Supp. 2d 1049, 1057-58 (N.D. Cal. 2010). For example, "intent has been inferred from such circumstances as defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his continued assurances after it was clear he would not perform." *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30 (1985).[4] However, allegations of "nonperformance" alone are not enough to prove the defendant's intent to not perform. *Id.*

---

[3] Neither party mentions the elements of fraud in their briefing. The Complaint's Fifth Cause of Action bears the heading "Fraud" and the Complaint alleges that Defendant's acts fall "within the meaning of Civil Code § 3294." Compl. at 15-16. Although the Complaint appears to reference California Civil Code Section 3294, the Court applies the elements of fraud based on Section 1710 and as described by the California Supreme Court because Section 3294 provides for punitive *damages* in certain actions and is not an independent *cause of action* for the tort of "fraud." *See McDowell v. Union Mut. Life Ins. Co.*, 404 F. Supp. 136, 146 (C.D. Cal. 1975) ("Section 3294 authorizes damages in some actions; it never authorizes actions."); *see also* Cal. Civil Code Section § 3294(a) (stating that a plaintiff "may recover damages for the sake of example and by way of punishing the defendant" in certain actions "where it is proven by clear and convincing evidence that the defendant has been guilty of . . . fraud"); *id.* at 3294(c)(3) (defining "[f]raud" only "[a]s used in this section"); Rutter Cal. Prac. Guide Ins. Lit. Ch. 11-C § 11:26 (explaining that if a "insurer's conduct was 'fraudulent' within the meaning of § 3294(c)(3), punitive damages may be awarded under some tort theory other than fraud").

[4] This express holding by the California Supreme Court in *Tenzer* that a defendant's "intent" to not perform can be "inferred from" conduct after the promise belies Defendant's argument that "Plaintiff is wrong" to contend that "intent not to perform . . . can be inferred from its subsequent conduct." Mot. at 7. Defendant, in fact, is the one wrong on the law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)            Date: March 12, 2012
                                                                                 Page 12

### ii. The Complaint adequately pleads promissory fraud

The Complaint adequately pleads Defendant's misrepresentation as to its willingness to perform under its policy.

In *Wetherbee v. United Insurance*, the Court upheld a jury verdict for fraud because the insurer's "misrepresentation as to its willingness" to perform under its policy was shown by the insurer's eagerness to cease costly performance after two years based on minimal evidence that its obligation had ended. *Wetherbee v. United Ins. Co. of Am.*, 265 Cal.App.2d 921, 932 (1968). The plaintiff had purchased an accident insurance policy that promised to pay her a monthly sum if she developed a "confining sickness" as defined by the policy. *Id.* at 925. While covered under the policy, Plaintiff suffered a stroke. *Id.* at 925-26. The insurer investigated plaintiff's "disability and confinement" three times. *Id.* at 926. Each investigation confirmed that plaintiff likely satisfied the policy's definition because she "left her home only to visit her doctor and required crutches or a wheelchair and the assistance of another person on such occasions." *Id.* The insurer paid monthly sums for two years, although they were frequently "late." *Id.* In its fourth investigation, the insurer sent a letter to the plaintiff's doctor that included a "postscript" stating "[I]t appears that [plaintiff] is not continuously confined within the house. Is this correct?" *Id.* Based on the doctor's affirmative answer and despite the doctor's clarifications that plaintiff did not walk unaided, the insurer ceased payments. *Id.* at 926-27. On appeal, the insurer argued that the evidence was "insufficient as a matter of law" to support plaintiff's fraud claim. *Id.* at 931. The court disagreed, reasoning that the insurer's "eagerness to seize upon the admission by plaintiff's doctor as a ground for cancellation of plaintiff's benefits furnishes ample support for a finding that it never intended to fulfill . . . the representations in . . . policies." *Id.* at 932.

Like in *Wetherbee*, here Defendant's misrepresentation as to its willingness to perform under its policy is shown by the facts in the Complaint indicating Defendant's eagerness to cease costly performance based on minimal evidence that its obligation had ended. Like the insurer's promise in *Wetherbee*, here Plaintiff's policy "required ALLSTATE to pay to Plaintiff . . . all medical payments . . . up to . . . $100,000." *See* Compl. at ¶ 8. Like in *Wetherbee*, Defendant partially performed by paying some money, $11,092.69. *See id.* at ¶ 11. However, like in *Wetherbee*, after performance became more costly—that is, after Defendant received bills totaling $137,402.34—Defendant informed Plaintiff that it would no longer pay for Plaintiff's medical care because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)　　　　　　　　　　　　Date: March 12, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 13

Plaintiff's condition was not covered by the policy. *See* Compl. at ¶ 11. Thus, like in *Wetherbee*, Defendant's decision to deny coverage only *after* further performance would become very costly supports the inference that its initial promise of coverage was made without intent to perform. *See Miller v. Nat'l American Life Ins. Co. of CA*, 54 Cal. App. 3d 331, 338 (1976) (upholding judgment for insured because insurer's use of misleading wording on its forms, policy of terminating benefits in response to doctor's answers "without inquiry as to the doctor's intended meaning," and failure to consult one of plaintiff's doctors regarding an acknowledged uncertainty on plaintiff's form before terminating his benefits supported "an inference of an intent not to live up to the promised coverage"); *Starr-Gordon v. Mass. Mut. Life Ins. Co.*, NO. CIV. S-03-68 LKK/GGH, 2006 U.S. Dist. LEXIS 83110 at *28, *43 (E.D. Cal. Nov. 6, 2006) (denying insurer's motion for summary judgment on fraud claim because misrepresentation of its intent to perform could be inferred based on insurer's denial of coverage policy given that a "reasonable jury could find . . . the weight of the evidence indicated that [plaintiff] was disabled within the meaning of the policy" and despite defendant's evidence that plaintiff "waited for over a year to make her claim," her doctor's report "was equivocal and suggested that plaintiff's symptoms might improve," and insurer had "video surveillance, and the reports of medical consultants reviewing that footage, reveal that plaintiff's claims of injury were false or exaggerated.").

　　Furthermore, Defendant's misrepresentation of its intent to perform is shown by its alleged failure to pay a covered claim and failure to provide a more substantiated explanation for its denial of coverage. *See Miller*, 54 Cal. App. 3d at 339; Rutter Cal. Prac. Guide Ins. Lit. Ch. 11-C § 11:34 "The insurer's refusal to pay a covered claim may give rise to an inference of fraud."). For example, Defendant has allegedly failed to respond for five months to Plaintiff's counsel's multiple letters requesting a more detailed explanation for denial of coverage. Compl. at ¶ 16, 17 (alleging letters were sent on April 7, 2011, and June 21, 2011, and that "no reply has been received" as of the Complaint's filing in September), 19 (describing the "sudden rejection of $137,402.34 in medical bills and subsequent refusal to provide an explanation"). Such a failure to provide a reasonable explanation, combined with Plaintiff's averments that the expenses are related to the accident, makes it plausible that there is *no* reasonable explanation. *See Pink v. Paul Revere Life Ins. Co.*, No. C 96-0246 CRB, 1999 U.S. Dist. LEXIS 4486 at *12 (N.D. Cal. Mar. 24, 1999) (denying insurer's motion for summary judgment on fraud claim because a jury could infer insurer's "intent not to fulfill its promises" based on the lack of reasonable explanation for insurer rescinding coverage, given that insurer's reason

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)                              Date: March 12, 2012
                                                              Page 14

for rescission was that plaintiff "had failed to inform the [insurer] of information regarding health conditions that [insurer] was already generally aware of" and plaintiff's "condition wholly unrelated to those prior conditions).

### iii. Defendant's cases regarding promissory fraud are distinguishable

Defendant argues that the Complaint fails to allege facts showing Defendant's "intent not to perform." Mot. at 7. Although Defendant does not identify which element of fraud Plaintiff has failed to plead, its argument appears to challenge the existence of a misrepresentation. Defendant argues that "federal courts routinely reject attempts to convert a simple breach of contract into promissory fraud," citing two cases that coincidentally were also brought against Defendant Allstate. Mot. at 6-7 (citing *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150 (S.D. Cal. 2001); *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187 (N.D. Cal. 2000)).

In *Smith v. Allstate*, the court dismissed a complaint alleging merely that Allstate, "through its written sales presentations and homeowner's insurance policy, agreed to indemnify Plaintiffs' home against fire damage," but that "Allstate never intended to honor these representations" and did not pay for the plaintiffs' loss. *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153 (S.D. Cal. 2001). The complaint alleged nothing else regarding Allstate's intent to perform, and thus the court dismissed the fraud claim as failing to meet Rule 9(b). *Id.*

In *Icasiano v. Allstate*, the court dismissed a fraud claim where the plaintiff failed to allege any nonperformance by Allstate and made only the conclusory allegation that "Allstate never had any intention of performing." *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1191-92 (N.D. Cal. 2000). The complaint alleged that the plaintiff had a policy with Allstate to defend the plaintiff against certain types of lawsuits, but that Allstate "failed to undertake a defense . . . and investigation of the accident *prior to the tender* of" a lawsuit brought against the plaintiff. *Id.* at 1191 (emphasis added). The complaint alleged that an Allstate employee "reaffirmed Allstate's promises to defend any action against Plaintiff" by reassuring plaintiff that Allstate was "doing everything they could to fulfill Allstate's obligations under the policy." *Id.* at 1191. The employee made these statements even though she allegedly "knew that an adjuster who desires promotions and advances within the company could only obtain them by entering into the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1987-DOC (RNBx)            Date: March 12, 2012
           Page 15

---

conspiracy with defendant Allstate to defraud plaintiff and cut defense costs." *Id.* at 1188-89. The court first concluded that Allstate's failure to act prior to tender was not a failure to perform because, as a matter of law, an insurer's "obligation to defend and investigate is not triggered until Plaintiff tenders" the lawsuit brought against her. *Id.* Next, the Court concluded that the complaint was "devoid of any allegation" that Allstate would assume an obligation it did not have as a matter of law. Thus, the complaint's sole conclusory allegation that "Allstate never had any intention of performing its contractual obligations" failed to meet the heightened pleading standard of Rule 9(b). *Id.* at 1191-92.

       Here, unlike in *Smith* and *Icasiano*, Plaintiff alleges acts by Defendant to show intent to not perform. Specifically, Plaintiff alleges that *after* performance became more costly—that is, only after Defendant received medical bills totaling $137,402.34—Defendant informed Plaintiff that it would no longer pay for Plaintiff's medical care because Plaintiff's condition was not covered by the policy. *See* Compl. at ¶ 11. Defendant has allegedly failed to respond for five months to Plaintiff's counsel's multiple letters requesting a more detailed explanation for denial of coverage. Compl. at ¶ 16, 17, 19. Furthermore, unlike in *Icasiano*, Defendant here does not argue that Plaintiff has failed to plead nonperformance; instead, Defendant insists that nonperformance is simply not enough to prove Defendant's misrepresentation about its intent to not perform.

       In sum, because the Complaint alleges facts regarding the manner in which Defendant ceased to perform and these facts support an inference that Defendant did not intend to perform when it issued its policy, Plaintiff has sufficiently pled Defendant's misrepresentation about its willingness to perform.

### d. California Business & Professions Code Section 17200 is dismissed as unopposed

       Plaintiff concedes that Defendant's argument is "well taken" and that the claim under California Business & Professions Code Section 17200 should be dismissed. Opp'n at 12. Accordingly, the Court GRANTS Defendant's Motion regarding that claim as UNOPPOSED and DISMISSES that claim without prejudice.

## II.     Disposition

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1987-DOC (RNBx)                                         Date: March 12, 2012
                                                                                                         Page 16

      For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.  The Motion is DENIED as to Plaintiff's fraud and negligent misrepresentation claim.  The Motion is GRANTED as to Plaintiff's unfair business claim, but that claim is dismissed without prejudice

      Plaintiff shall file an amended complaint, if at all, by March 26, 2012.

MINUTES FORM 11
CIVIL-GEN                                                                                           Initials of Deputy Clerk: jcb